[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DE DEFENDANT'S POST JUDGMENT MOTION FOR CONTEMPT: FINDING OF ARREARAGES AND ORDER OF PAYMENT (144)
The parties' marriage was dissolved by decree entered on July 12, 2000 which incorporated a Separation Agreement that provided for alimony to be paid to the defendant by the plaintiff in Article II of one-third of his gross income from employment up to $300,000 in any calendar year and one-quarter of his gross income over $300,000 up to $500,000 in said year. Alimony is capped at $150,000 yearly. The defendant does not allege that alimony is unpaid for 2000.
The defendant alleges that the plaintiff has failed to provide pay stubs or other evidence of salary for 2001 which he is obliged to do until the cap is reached. The defendant alleges that the plaintiff stopped payment on a check payable to defendant for $20,104.16 noted for April May Alimony. Nothing further is alleged regarding said months. The defendant then alleges that the plaintiff failed to pay the alimony due for June and July, 2001.
When the hearing began the plaintiff had filed an objection which the court denied as untimely. The plaintiff was not present in the courtroom. His attorney took the position that he was not served with a citation nor was he subpoened to be in the courtroom. After the case was passed to allow discussion with FRO, the court resumed the hearing at which time the defendant's attorney advised the court he was not proceeding with the contempt portion of the motion but was seeking the other relief.
The defendant testified that she received $123,437.46 in alimony payments for calendar year 2001. She testified that she received $10,052.08 each month for January, February and March 2002. She testified that she received a check for two additional months that did not clear for it was "stop pay" and returned to her (Defendant's Exhibit B). The one item concerning 2002 earnings that was introduced was a salary CT Page 14744 statement for the period ending 7/15/2002. It included gross to date of $204,245.43; other of $461,374.45 and a miscellaneous deduction of $282,500 along with other deductions.
The court concludes that the evidence is too sparse to determine with accuracy the arrears due defendant and denies her motion for lack of sufficient record.
SO ORDERED.
__________________ HARRIGAN, J.T.R. CT Page 14745